UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
)
ROBERT DRAPER, et al. )
)
      Plaintiffs, )
)
      v. )    1:14-CV-12471-NMG
)
MARTHA COAKLEY, in her official capacity as )
ATTORNEY GENERAL OF MASSACHUSETTS )
)
      Defendant. )
_____)

**DEFENDANT'S MOTION FOR**
**ENLARGEMENT OF TIME TO RESPOND TO COMPLAINT**

Pursuant to Fed. R. Civ. P. 6(b)(1), the Attorney General moves to enlarge the time to file a response to the Complaint (Dckt. # 1), which is currently due on July 10, 2014, for a period of 43 days through and including August 22, 2014.  As grounds for this Motion, the Attorney General asserts that the Complaint raises ten-year-old factual matters, in addition to important public policy concerns and complex Constitutional law questions.  While the Attorney General is diligently researching these issues, responding to the Complaint will require an extensive amount of drafting and related work.  *See* Fed. R. Civ. P. 6(b)(1) ("the court may, for good cause, extend the time" to file an answer); *cf.* McLaughlin v. McDonald's Corp., 203 F.R.D. 45, 50 n.4 (D. Mass. 2001) (the "good cause" test to modifying a scheduling order "requires a showing that despite due diligence by the party seeking the extension, the deadline in the scheduling order could not reasonably be met").  This is the Attorney General's first request for an extension, and

the Attorney General is requesting a 43-day extension rather than a shorter extension in light of competing case demands and summer scheduling conflicts.

The Attorney General has made repeated attempts to contact counsel for Plaintiffs regarding additional time to respond to the Complaint.  Counsel for Plaintiffs returned the Attorney General's phone calls and e-mails on June 25, 2014 to say he was unsure whether his clients would consent to an extension.  Despite repeated attempts by the Attorney General to follow up with counsel for Plaintiffs via phone, e-mail, and fax, counsel never responded with a final answer as to whether his clients would consent to this Motion.  Nonetheless, the Attorney General has no basis to believe that extending the deadline to respond to the Complaint will prejudice Plaintiffs, and the fact that some of the allegations date back ten years indicates a lack of immediacy.  *See* <u>CIA Petrolera Caribe, Inc. v. Arco Caribbean, Inc.</u>, 754 F.2d 404 (1st Cir. 1985) (while the Federal Rules of Civil Procedure allow for discretionary enlargements of time, "this discretion must not be exercised in a manner that prejudices the other party's substantial rights").

        MARTHA COAKLEY
        ATTORNEY GENERAL

        _/s/ Eric Gold_____
        Eric Gold, BBO# 660393
        Glenn Kaplan, BBO# 567308
        Assistant Attorneys General
        Office of the Attorney General
        One Ashburton Place, 20th Floor
        Boston, MA 02108
        (617) 727-2200

Dated:  July 1, 2014

## LOCAL RULE 7.1(a)(2) CERTIFICATION

I hereby certify that I attempted to confer with counsel for Plaintiffs via phone, e-mail, and fax numerous times between June 23, 2014 and July 1, 2014 and that counsel for Plaintiffs never provided an answer as to whether his clients would consent to an extension of time to respond to the Complaint.

        /s/ Glenn Kaplan_____
Glenn Kaplan, BBO# 567308
Assistant Attorney General

## CERTIFICATE OF SERVICE

I hereby certify that this document was filed through the Electronic Case Filing (ECF) system and thus copies will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF); paper copies will be sent to those indicated on the NEF as non registered participants on or before July 1, 2014.

        /s/ Eric Gold_____
Eric Gold, BBO# 660393
Assistant Attorney General