# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| (1)  ROBERT DRAPER; | Civil Action No. |
| (2)  ARIEL WEISBERG; | 1:14-CV-12471-NMG |
| (3)  DONNA MAJOR; | |
| (4)  ERIC NOTKIN; | |
| (5)  ROBERT BOUDRIE; | |
| (6)  BRENT CARLTON, | |
|     *collectively, the* "**CONSUMER PLAINTIFFS**"*, and* | |
| (7)  CONCORD ARMORY, LLC; | |
| (8)  PRECISION POINT FIREARMS, LLC; | |
|     *collectively, the* "**DEALER PLAINTIFFS**"*, and* | |
| (9)  SECOND AMENDMENT FOUNDATION, INC., | **PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO ENLARGE TIME TO RESPOND TO COMPLAINT** |
| (10) COMMONWEALTH SECOND AMENDMENT, INC. | |
|     *collectively, the* "**ORGANIZATIONS**"*, and* | |
|                      Plaintiffs | |
| v. | |
| MARTHA COAKLEY, | |
|     *in her official capacity as* **ATTORNEY GENERAL OF MASSASCHUSETTS** | |
|                      Defendant | |

Individual plaintiffs **ROBERT DRAPER**; **ARIEL WEISBERG; DONNA MAJOR; ERIC NOTKIN; ROBERTY BOUDRIE** and **BRENT CARLTON** (collectively hereafter the "CONSUMER PLAINTIFFS"), business entities **CONCORD ARMORY, LLC** and **PRECISION POINT ARMORY, LLC** (collectively hereafter the "DEALER PLAINTIFFS"), and non-profit organizations **SECOND AMENDMENT FOUNDATION, INC.** and **COMMONWEALTH SECOND AMENDMENT, INC.** (collectively hereafter the "ORGANIZATIONS") by and through their attorney oppose the motion to enlarge time to respond to their complaint by defendant **MARTHA COAKLEY** (in her official capacity as the **ATTORNEY GENERAL OF MASSACHUSETTS**) (hereafter "ATTORNEY GENERAL").

To be clear, PLAINTIFFS do not oppose *an* enlargement of time for the ATTORNEY GENERAL to respond to their complaint;  rather PLAINTIFFS oppose the *quantity* of time sought by the defendant ATTORNEY GENERAL and the grounds she provided therefore.

Defendant ATTORNEY GENERAL's motion to enlarge time to respond to the complaint is based on three issues:  "…ten-year-old factual matters, in addition to important public policy concerns and complex Constitutional law questions".  [Paragraph 1 of page 1 of defendant ATTORNEY GENERAL's motion to enlarge time.]

Defendant ATTORNEY GENERAL's motion does not cite a single "ten-year old factual matter[ ]" requiring the voluminous extension of time she has sought to respond to the complaint.  Nor can she, because *there are no "ten-year old factual matters" at issue in this lawsuit*.  The *only* issue in this lawsuit is not one of fact but one of *law*—whether the Massachusetts Handgun Sales Regulation's (940 CMR 16.00 *et seq*.) (hereafter "REGULATION") use of the word "device" to define the "load indicator" alternative design requirement for pistols sold or transferred into Massachusetts is so vague and ambiguous that it deprives the DEALERS of their due process rights under the 14th Amendment and, because of the DEALERS' fear of an arbitrary enforcement action by the ATTORNEY GENERAL should she disagree with their interpretation of "load indicator"—***an interpretation the PLAINTIFFS sought from the defendant ATTORNEY GENERAL and which interpretation she refused to provide***—the DEALERS will not sell certain handguns, including those that are otherwise not prohibited by

any statute or regulation, to Massachusetts residents, including the CONSUMERS thereby infringing on their 2nd Amendment rights.  All of the facts that are the universe of this lawsuit are contained in the 43 exhibits attached to the complaint.  If the defendant ATTORNEY GENERAL believes there are more relevant facts that will help to determine whether the REGULATION is constitutionally sound, or that she has provided a constitutionally sound interpretation of the word "device" and the other such vague and ambiguous words as they are used in the definition of "load indicator", then there is nothing in the Rules of Civil Procedure to prevent her from doing so through the normal process of discovery, the proper stage of litigation in which to deal with "…ten-year-old factual matters…"

The defendant ATTORNEY GENERAL is correct in her view that the matters at issue in this lawsuit are "…important public policy concerns and complex Constitutional law questions", which are really two sides of the same coin.  Chief among these important public policy concerns is whether unconstitutionally vague and ambiguous regulations should be allowed to stand, giving the defendant ATTORNEY GENERAL unlimited arbitrary enforcement power to execute at her whim against any entity that disagrees with the regulatory interpretations which she refuses to provide.  Chief among these "complex Constitutional law questions" is whether the undefined term "device" (and the other such vague and ambiguous words) as used in the definition of "load indicator" provides due process to the DEALERS by giving them notice of what is allowed and what is prohibited, and whether the DEALER's refusal to sell/transfer handguns to the CONSUMERS because of fear of an arbitrary enforcement action by the defendant ATTORNEY GENERAL infringes on the CONSUMERS' 2nd Amendment rights.  The defendant ATTORNEY GENERAL's Handgun Sales Regulation has been in force since 1998, nearly 16 years as of this writing.  The defendant ATTORNEY GENERAL's statement [last paragraph of page 2 of defendant ATTORNEY GENERAL's motion to enlarge time] that she has "no basis to believe that extending the deadline to respond to the Complaint will prejudice Plaintiffs" only accentuates her cavalier attitude in dealing with and addressing the PLAINTIFFS' constitutional rights, rights without which they have lived for nearly 16 years.  The *facts* raised in the Complaint are immediately answerable.  They are admitted, denied,

admitted or denied with explanation, or require no response.  The "...important public policy concerns and complex Constitutional law questions" are not matters normally addressed in an answer or a motion to dismiss—the Rules of Civil Procedure provide defendant ATTORNEY GENERAL plenty opportunity to bring these matters to the Court's attention in the proper course and at the proper stage of litigation, i.e. after she has developed the relevant facts during discovery that will help to determine whether the REGULATION is constitutionally sound, or that she has provided a constitutionally sound interpretation of the word "device" and the other such vague and ambiguous words as they are used in the definition of "load indicator"

Finally, the defendant ATTORNEY GENERAL must be given credit in attempting to reach PLAINTIFFS' counsel after an initial telephone conversation on 25 June 2014, at which time PLAINTIFFS' counsel informed the defendant ATTORNEY GENERAL's counsel that he had just arrived in ISRAEL to be with ill family members, and that internet access would be spotty. During that 25 June 2014 conversation, PLAINTIFFS' counsel informed defendant's counsel that he would accommodate any and all reasonable requests for extensions and professional courtesies, to the extent that such accommodations would not prejudice the PLAINTIFFS' case, but that the very lengthy 45 day extension that defendant ATTORNEY GENERAL sought would require client approval.  After an unfortunate connectivity problems lasting just under a week, PLAINTIFFS' counsel informed the defendant's counsel that the PLAINTIFFS were willing to extend the defendant ATTORNEY GENERAL's time to respond to their complaint by 21 days, to be due on 21 July 2014.  By then, however, defendant ATTORNEY GENERAL had already filed her motion to enlarge time, and the Court had ruled on that motion.

PLAINTIFFS appreciate that defendant ATTORNEY GENERAL filed her motion to enlarge time to avoid drawing the Court's ire with a motion to enlarge time closer to the date on which her response to the Complaint would be due.  However, the amount of time sought by the defendant ATTORNEY GENERAL—*triple* the time otherwise provided by the Rules of Civil Procedure—is unjustified in this case.  PLAINTIFFS understand and appreciate the ATTORNEY GENERAL's desire or need for more time to respond to the complaint, and agreed—without knowledge of the defendant's motion and this Court's ruling—to a 21 day extension.  They urge

the Court to adopt this extension, to which there is no opposition.

Based on the foregoing, PLAINTIFFS' respectfully ask this Court to modify its order granting the defendant ATTORNEY GENERAL' motion to enlarge time, by extending her time to respond by 21 days rather than the 43 days sought by her motion.

Respectfully submitted,

Dated:  4 July 2014.

**ROBERT DRAPER**;  **ARIEL WEISBERG**;  **DONNA MAJOR**;  **ERIC NOTKIN**;  **ROBERTY BOUDRIE**;  **BRENT CARLTON**;  **CONCORD ARMORY, LLC**;  **PRECISION POINT ARMORY, LLC**;  **SECOND AMENDMENT FOUNDATION, INC.** and **COMMONWEALTH SECOND AMENDMENT, INC.**

By and through their attorney of record

**/s/ Alexander A. Flig**

Alexander A. Flig, Esq (BBO #669132)
490 Chapman Street, Suite 201
Canton, Massachusetts 02021-2039
Telephone:    (781) 352-7260
Facsimile:     (781) 583-5080
E-Mail:        alex@fliglaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that this document was filed through the Electronic Case Filing (ECF) system and thus copies will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF);  paper copies will be sent to those indicated on the NEF as non registered participants on or before 1 July 2014.

**/s/ Alexander A. Flig**