# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| (1)  ROBERT DRAPER; <br> (2)  ARIEL WEISBERG; <br> (3)  DONNA MAJOR; <br> (4)  ERIC NOTKIN; <br> (5)  ROBERT BOUDRIE; <br> (6)  BRENT CARLTON, <br>     *collectively, the* **"CONSUMER PLAINTIFFS"**, *and* <br> (7)  CONCORD ARMORY, LLC; <br> (8)  PRECISION POINT FIREARMS, LLC; <br>     *collectively, the* **"DEALER PLAINTIFFS"**, *and* <br> (9)  SECOND AMENDMENT FOUNDATION, INC., <br> (10) COMMONWEALTH SECOND AMENDMENT, INC. <br>     *collectively, the* **"ORGANIZATIONS"**, *and* <br>                                    Plaintiffs <br> v. <br> **MARTHA COAKLEY**, <br>     *in her official capacity as* **ATTORNEY GENERAL OF MASSASCHUSETTS** <br>                                    Defendant | **Civil Action No.** <br> 1:14-CV-12471-NMG <br><br><br> **PLAINTIFFS' MOTION TO ENLARGE TIME TO FILE THEIR OPPOSITION TO THE DEFENDANT'S MOTION TO DISMISS THEIR COMPLAINT** |

1 　　　　The CONSUMER PLAINTIFFS, DEALER PLAINTIFFS and ORGANIZATIONS (collectively
2 hereafter "PLAINTIFFS"), by and through their attorney of record, hereby move this Honorable
3 Court pursuant to Federal Rule of Civil Procedure 6(b)(1) to enlarge the time for the
4 PLAINTIFFS to file their Opposition to the defendant ATTORNEY GENERAL's Motion to Dismiss
5 their Complaint (Docket No. 9, 22 August 2014).  Per Local Rule 7.1(b)(2), the PLAINTIFFS'
6 Opposition is currently due on Friday, 5 September 2014.  PLAINTIFFS ask that this Court
7 extend the filing deadline by one week to Friday 12 September 2014.  Good cause exists to
8 grant the current Motion.

9 　　　　The PLAINTIFFS contend that the kernel issue in this lawsuit is whether the
10 Massachusetts Handgun Sales Regulation's (940 CMR 16.00 *et seq*.) (hereafter "REGULATION")
11 use of the words "device that plainly indicates" to define the "load indicator" alternative design
12 requirement for pistols sold or transferred into Massachusetts is so vague and/or ambiguous
13 that it deprives the DEALER PLAINTIFFS of their due process rights under the 14th
14 Amendment since they cannot reasonably know how to comply with such a vague description.
15 That, in turn, has caused and continues to cause the DEALER PLAINTIFFS to fear an arbitrary
16 enforcement action by the defendant ATTORNEY GENERAL should she disagree with their (the
17 DEALER PLAINTIFFS') interpretation of "load indicator"—an interpretation that both the
18 DEALER PLAINTIFFS and CONSUMER PLAINTIFFS affirmatively sought from the defendant
19 ATTORNEY GENERAL but which interpretation she refused to provide to them.  Because they
20 feared and fear arbitrary enforcement by the defendant ATTORNEY GENERAL, the DEALER
21 PLAINTIFFS have declined and will not sell or transfer certain handguns in common use
22 throughout the rest of the country to Massachusetts residents, including the CONSUMER
23 PLAINTIFFS herein.  Thus, PLAINTIFFS contend that the vague REGULATION's violation of the
24 DEALER PLAINTIFFS' 14th Amendment rights has caused and continues to cause the direct
25 infringement of and/or burdens the CONSUMER PLAINTIFFS' 2nd Amendment rights.

26 　　　　Per Fed. R. Civ. P. 12(a)(1)(A)(i) the defendant ATTORNEY GENERAL was required to
27 file her Answer or Motion to Dismiss within 21 days of having been served with the Complaint.
28 However, the ATTORNEY GENERAL appealed to this court and received an additional 43 days

to prepare her Motion to Dismiss, effectively more than tripling the time she would otherwise have had to respond to the Complaint. The defendant ATTORNEY GENERAL also sought the PLAINTIFFS' assent to permit her to exceed the Local Rule 7.1(b)(4) 20-page limit for the memorandum in support of her Motion to Dismiss, which assent the PLAINTIFFS readily granted and this Court then allowed.

The product of these generous extensions of time and pages is a lengthy (25 page) Motion to Dismiss densely packed with argument and authorities addressing what the ATTORNEY GENERAL herself described as "complex Constitutional law questions" and "important public policy concerns". Her Motion to Dismiss addresses the constitutional limits of the various parties' standing to sue; her REGULATIONS' effect on and alleged non-implication of the CONSUMER PLAINTIFFS' 2nd Amendment rights; the constitutional standards of vagueness in statutes and regulations; the appropriate level of constitutional scrutiny to be applied to the subject firearm REGULATION as it relates to the CONSUMER PLAINTIFFS whom it is purportedly intended to protect, and the application of Pullman abstention in the maintenance or ceding of this Court's subject matter jurisdiction to the Massachusetts state courts.

Borrowing directly from the defendant ATTORNEY GENERAL's argument in her Motion for Enlargement of Time to Respond to the Complaint, "[w]hile the PLAINTIFFS [are] diligently researching these issues, responding to the [Motion to Dismiss] will require an extensive amount of drafting and related work." *See* Local Rule 7.1(b)(2) ("A party opposing a motion, shall file an opposition within 14 days after the motion is served, unless… (2) another period is fixed by rule or statute, or by order of the court."); cf. McLaughlin v. McDonald's Corp., 203 F.R.D. 45, 50 n.4 (D. Mass. 2001) (the "good cause" test to modifying a scheduling order "requires a showing that despite due diligence by the party seeking the extension, the deadline in the scheduling order could not reasonably be met"). PLAINTIFFS have been diligently researching and writing their Opposition to the defendant ATTORNEY GENERAL's Motion to Dismiss, the sheer number of defenses raised and their complexity has rendered it extremely difficult to reasonably respond to the defendant ATTORNEY GENERAL's 25-page Motion to

Dismiss (which she had 64 days to prepare) within the comparatively short seven day filing deadline. This is the PLAINTIFFS' first request for an extension of any kind.

Despite the PLAINTIFFS' good faith effort to file their Opposition within the current time limit, faced with the looming 5 September 2014 deadline PLAINTIFFS' counsel contacted the defendant ATTORNEY GENERAL's counsel seeking the defendant's assent to additional time for the PLAINTIFFS' to submit their Opposition. The assistant attorney general handling this matter on behalf of the defendant ATTORNEY GENERAL has assented to this brief extenstion.

Respectfully submitted,

Dated:  5 September 2014.

**ROBERT DRAPER**;  **ARIEL WEISBERG**; **DONNA MAJOR**;  **ERIC NOTKIN**;  **ROBERTY BOUDRIE**;  **BRENT CARLTON**;  **CONCORD ARMORY, LLC**;  **PRECISION POINT ARMORY, LLC**;  **SECOND AMENDMENT FOUNDATION, INC.** and **COMMONWEALTH SECOND AMENDMENT, INC.**

By and through their attorney of record

**/s/ Alexander A. Flig**

Alexander A. Flig, Esq (BBO #669132)
490 Chapman Street, Suite 201
Canton, Massachusetts 02021-2039
Telephone:    (781) 352-7260
Facsimile:    (781) 583-5080
E-Mail:     alex@fliglaw.com

## LOCAL RULE 7.1(a)(2) CERTIFICATION

I hereby certify that I conferred with counsel for the defendant ATTORNEY GENERAL via e-mail and phone on 4 September 2014 and that counsel for the defendant ATTORNEY GENERAL assented to the relief sought by the instant motion.

**/s/ Alexander A. Flig**

# **CERTIFICATE OF SERVICE**

I hereby certify that this document was filed through the Electronic Case Filing (ECF) system and thus copies will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF); paper copies will be sent to those indicated on the NEF as non-registered participants on or before 1 July 2014.

/s/ Alexander A. Flig