# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **(1)  ROBERT DRAPER;** | **Civil Action No.** |
| **(2)  ARIEL WEISBERG;** | 1:14-CV-12471-NMG |
| **(3)  DONNA MAJOR;** | |
| **(4)  ERIC NOTKIN;** | |
| **(5)  ROBERT BOUDRIE;** | |
| **(6)  BRENT CARLTON,** | |
| *collectively, the* "**CONSUMER PLAINTIFFS**", *and* | |
| **(7)  CONCORD ARMORY, LLC;** | |
| **(8)  PRECISION POINT FIREARMS, LLC;** | |
| *collectively, the* "**DEALER PLAINTIFFS**", *and* | **PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO STAY DISCOVERY PENDING RESOLUTION OF HER MOTION TO DISMISS** |
| **(9)  SECOND AMENDMENT FOUNDATION, INC.,** | |
| **(10) COMMONWEALTH SECOND AMENDMENT, INC.** | |
| *collectively, the* "**ORGANIZATIONS**", *and* | |
| Plaintiffs | |
| v. | |
| **MARTHA COAKLEY,** *in her official capacity as* **ATTORNEY GENERAL OF MASSASCHUSETTS** | |
| Defendant | |

The CONSUMER PLAINTIFFS, DEALER PLAINTIFFS and ORGANIZATIONS (collectively hereafter "PLAINTIFFS"), by and through their attorney of record, hereby oppose the defendant ATTORNEY GENERAL's Motion to Stay Discovery Pending Resolution of her Motion to Dismiss their Complaint (Document No. 13 [29 August 2014]).

The defendant ATTORNEY GENERAL's advises that her Motion to Dismiss challenges the PLAINTIFFS' standing to sue (Fed. R. Civ. P. 12(b)(1)), that they have failed to make a claim upon which relief may be granted (Fed. R. Civ. P. 12(b)(6)), or in the alternative, that this Court "should abstain from resolving the Constitutional questions".  The defendant ATTORNEY GENERAL acknowledges, however, that "the filing of a motion to dismiss does not guaranty a stay of discovery obligations".  Nevertheless, she urges that "[a] favorable ruling on these issues would obviate the need for discovery."  None of these reasons are applicable in this matter and the Court should deny the defendant's motion to stay discovery.

First, neither Rule 12 ("Defenses and Objections") nor Rule 26 ("Duty to Disclose") of the Federal Rules of Civil Procedure provides for the stay of discovery until the resolution of a motion to dismiss.  Rule 12(a)(4)(A) authorizes the Court to postpone the disposition of a motion dismiss until trial.  If the Court were to postpone the disposition of the defendant ATTORNEY GENERAL's Motion to Dismiss until trial, a stay of discovery would be the equivalent of a *denial* of discovery.

Second, Rule 26(a)(1)(E) of the Federal Rules of Civil Procedure provides that "A party must make its initial disclosures based on the information *then reasonably available to it* [and] is not excused from making its disclosures because it has not fully investigated the case."  [Emphasis added.]  Among the defendant ATTORNEY GENERAL's arguments in support of her Motion for Enlargement of Time to Respond to Complaint (Document No. 5 [1 July 2014]) was that "the Complaint raises ten-year-old factual matters."  This Court granted the defendant ATTORNEY GENERAL a generous 43 day extension of to respond to the Complaint (Document No. 6 [2 July 2014]).  Thus, the defendant ATTORNEY GENERAL had a total of 64 days to investigate the facts of this matter after being served with the Complaint.  She has had 93 days—more than three months—to investigate the facts of this case as of the date of the filing of this Opposition.  Not having "fully investigated the case" is among the list of "unacceptable excuses" in Rule 26(a)(1)(E)

and does not absolve the defendant ATTORNEY GENERAL of her responsibility to make her initial disclosures "based on the information *then reasonably available* to [her]."

Third, the central issue in this lawsuit is not one of fact but one of *law*—whether the words "device which plainly indicates" as they are used in the Massachusetts Handgun Sales Regulation (940 CMR 16.00 *et seq*.) (hereafter "REGULATION") to define the "load indicator" alternative design requirement for pistols sold or transferred into Massachusetts is so vague or ambiguous that it deprives the DEALER PLAINTIFFS of their due process rights under the 14th Amendment because they cannot reasonably discern what conduct is permitted and what conduct is prohibited.  The DEALER PLAINTIFFS' fear of arbitrary enforcement of the vague REGULATION by the defendant ATTORNEY GENERAL has caused them to avoid selling certain handguns (including those that are otherwise not prohibited by any statute or regulation) to Massachusetts residents (including the CONSUMER PLAINTIFFS herein), thereby burdening or infringing their Second Amendment rights.

All of the facts comprising the universe of this lawsuit are contained in the 43 exhibits attached to the Complaint.  Those facts form the bases for the PLAINTIFFS' causes of action and the justiciability requirements of Article III of the United States Constitution.  Other than a challenge to the Article III threshold facts required to establish and maintain this action (which the defendant ATTORNEY GENERAL has already done through her Motion to Dismiss) there is little, if anything here to discover *because the focus of this case it is the regulation that brought those facts into existence*.  If the defendant ATTORNEY GENERAL believes there are more relevant facts that will help to determine *whether the REGULATION is constitutionally sound*, or that *she has provided a constitutionally sound interpretation of the words "device", "plainly" and "indicates" as they are used to define "load indicator"* then there is nothing in the Rules of Civil Procedure to prevent her from doing so through the normal process of discovery—the proper stage of litigation in which to deal with "…ten-year-old factual matters…"

Fourth, at least one part of the defendant ATTORNEY GENERAL's Motion to Stay Discovery is moot, namely the Rule 26(f) Conference of the Parties requirement.  The parties have been actively conferring on the subjects specified in Rule 26(f) and are quite close to reducing their agreements and areas of disagreement into a written report in anticipation of a Rule 16 Pretrial

Conference.  Thus, the only remaining issue in the defendant ATTORNEY GENERAL's Motion to Stay is the actual conduct of discovery.

For all of the foregoing reasons, PLAINTIFFS ask that this Court deny the defendant ATTORNEY GENERAL's Motion to Stay Discovery Pending Resolution of her Motion to Dismiss their Complaint.

Respectfully submitted,

Dated:  12 September 2014.

**ROBERT DRAPER**;  **ARIEL WEISBERG;  DONNA MAJOR**;  **ERIC NOTKIN;  ROBERTY BOUDRIE**;  **BRENT CARLTON**;  **CONCORD ARMORY, LLC**;  **PRECISION POINT ARMORY, LLC**;  **SECOND AMENDMENT FOUNDATION, INC.** and **COMMONWEALTH SECOND AMENDMENT, INC.**

By and through their attorney of record

**/s/ Alexander A. Flig**

Alexander A. Flig, Esq (BBO #669132)
490 Chapman Street, Suite 201
Canton, Massachusetts 02021-2039
Telephone:    (781) 352-7260
Facsimile:    (781) 583-5080
E-Mail:    alex@fliglaw.com

# CERTIFICATE OF SERVICE

I hereby certify that this document was filed through the Electronic Case Filing (ECF) system and thus copies will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF);  paper copies will be sent to those indicated on the NEF as non-registered participants on or before 1 July 2014.

**/s/ Alexander A. Flig**