# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| (1) ROBERT DRAPER;<br>(2) ARIEL WEISBERG;<br>(3) DONNA MAJOR;<br>(4) ERIC NOTKIN;<br>(5) ROBERT BOUDRIE;<br>(6) BRENT CARLTON,<br>   collectively, the<br>      "CONSUMERS", and<br>(7) CONCORD ARMORY, LLC;<br>(8) PRECISION POINT FIREARMS, LLC;<br>   collectively, the<br>      "DEALERS", and<br>(9) SECOND AMENDMENT FOUNDATION, INC.,<br>(10) COMMONWEALTH SECOND AMENDMENT, INC.<br>   collectively, the<br>      "ORGANIZATIONS", and<br>                              Plaintiffs<br>v.<br>MARTHA COAKLEY,<br>   in her official capacity as<br>      ATTORNEY GENERAL OF MASSACHUSETTS<br>                              Defendant | Civil Action No.<br>**1:14-CV-12471**<br><br>**DECLARATION OF SECOND AMENDMENT FOUNDATION**<br><br>**[Through Mikolaj Tempski, Esq., its General Counsel]**<br><br>**IN SUPPORT OF PLAINTIFFS' OPPOSITION TO THE DEFENDANT ATTORNEY GENERAL'S MOTION TO DISMISS** |

I, **Mikolaj Tempski, Esq.**, am an attorney duly admitted in all courts of the State of Washington, the United States Courts of Appeal for the Ninth and Tenth Circuits, and the United States Supreme Court, and am the general counsel for plaintiff Second Amendment Foundation (hereafter "SAF"). I make this declaration in my capacity as plaintiff SAF's general counsel. I have personal knowledge of the matters set forth in this declaration, and as to those matters of which I do not have direct personal knowledge, I state them based on a good-faith belief based on other facts of which I do have direct personal knowledge. If called upon to do so, I would truthfully and competently testify regarding the contents of this declaration in a court of law.

1. SAF was founded in 1974.

2. SAF is a tax-exempt Washington-state non-profit corporation organized under §501(c)(3) of the IRS code.

3. SAF produces publications regarding the fundamental Constitutional right to the private ownership and possession of firearms, and maintains websites regarding such issues.

   A. SAF publishes TheGunMag.Com which is recognized as the source publication for the firearms community and firearm industry.

   B. SAF publishes the world's only women's firearms magazine, the bi-monthly Women & Guns, as well as the monthly newsletter, The Gottlieb-Tartaro Report, and the quarterly member/supporter newsletter SAF Reporter.

   C. SAF publishes the premier annual reference book of key firearm-issue articles, the Journal on Firearms and Public Policy.

4. SAF conducts research and provides training on state and federal firearms laws, including existing and proposed firearms laws and regulations in Massachusetts.

   A. SAF hosts or co-sponsors with other groups a number of free grassroots seminars and meetings, including the annual Gun Rights Policy Conferences (GRPC) at which legislative and judicial actions of the previous year are reviewed and strategies are discussed for the coming year by leaders of national, state and local pro-gun organizations.

B.    Each year SAF also sponsors—in cooperation with the Citizens Committee for the Right to Keep and Bear Arms, and other organizations—state and regional Leadership Training Conferences for grassroots activists.

C.    SAF disseminates information and reference packets to high school and college students preparing class papers on firearms-related questions and has a library resource program that places pro-gun reference books and monographs in public and school libraries.

D.    SAF serves as a resource for authors of books, newspaper and magazine articles and television and radio programs dealing with various aspects of the right to keep and bear arms.

E.    Over the last several years, SAF has itself, and in concert with the Massachusetts-based Commonwealth Second Amendment, researched and analyzed the Massachusetts Handgun Sales Regulation (940 CMR 16.00, *et seq.*) that is at issue in this lawsuit.

5.    SAF has been and is involved in legal action regarding the fundamental Constitutional right to the private ownership and possession of firearms.

A.    SAF has sponsored multiple lawsuits throughout the United States, including in Massachusetts, involving the Second Amendment. It sponsors and is an active participant in as many as two dozen active court cases at any one time.

B.    Most notably, SAF authored an *amicus curiae* brief in support of the plaintiff in the landmark decision of District of Columbia v. Heller, 554 U.S. 570 (2008), in which the Supreme Court held that the Second Amendment protects an individual right to possess a firearm unconnected with service in a militia, and to use that arm for traditionally lawful purposes, and that the sorts of weapons protected are those "in common use at the time".

C.    SAF then participated as a plaintiff in and prosecuted the landmark case McDonald v. Chicago, 561 U.S. 742 (2010) in which the Supreme Court extended its decision in District of Columbia v. Heller, holding that the Second Amendment right of an individual to "keep and bear arms" is incorporated by the Due Process Clause of the

    Fourteenth Amendment and applies to the states.

    D.    SAF is currently sponsoring several lawsuits throughout the United States, including the instant lawsuit, <u>Draper, et al. v. Coakley</u>.

6. SAF currently has approximately 650,000 members and supporters nationwide.

7. As of the date of this Declaration, SAF has 8,066 members and supporters in Massachusetts. Of these, 1,847 are 2014 paid members/donors or life members.

8. Approximately 40 to 70 SAF members have contacted SAF within the past year specifically regarding the Massachusetts Handgun Sales Regulation that is at issue in this lawsuit.

9. Many of SAF's members have asked SAF to take legal action to challenge the constitutionality of the Massachusetts Handgun Sales Regulation because as firearms dealers they cannot determine whether they may sell or transfer Gen3/4 Glock pistols to Massachusetts residents, or as Massachusetts residents want to, but cannot, purchase Gen3/4 Glock pistols because of Massachusetts firearms dealers' inability to determine whether and why or why not such pistols comply or do not comply with the Massachusetts Handgun Sales Regulation.

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct to the best of my knowledge.

SEPTEMBER 17TH, 2014
Date

_____
Mikolaj Tempski, Esq.
General Counsel
Second Amendment Foundation, Inc.